**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DAVID BAKER, as receiver for PYOTE WATER SOLUTIONS, LLC, PYOTE SWD LLC, PYOTE SWD II LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No._____ |
| v. | ) ) | |
| PYOTE WATER SYSTEMS LLC, PYOTE WATER SYSTEMS II LLC, PYOTE WATER SYSTEMS IV LLC, SABER OIL & GAS VENTURES, L.L.C. | ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |

## COMPLAINT

Plaintiff David Baker, in his capacity as receiver for Pyote Water Solutions LLC ("Solutions"), Pyote SWD LLC ("SWD I") and Pyote SWD II LLC ("SWD II") (all collectively "Plaintiffs" or the "Solutions Entities") appointed by this Court (Case No. 7:16-cv-00108-DAE), complains of Pyote Water Systems LLC ("Pyote I"), Pyote Water Systems II LLC ("Pyote II"), Pyote Water Systems IV ("Pyote IV") (together, the "Pyote Entities"), and Saber Oil and Gas Ventures, LLC ("Saber") (together, "Defendants") and states:

### I.   NATURE OF THE ACTION

1.    The entities for which the Receiver serves and the Defendants are separate entities engaged in the ownership and operation of salt water disposal wells in Texas and New Mexico. They were all managed, ultimately, by the same individual, and at one time, there was a single contract operator for all of the assets owned by both Plaintiffs and Defendants.

2.      This action arises from mismanagement and comingling of intercompany funds by this common operator that has resulted in money belonging to one or more of the Solutions Entities being wrongfully held in Defendants' accounts. Rather than rectify the situation, the mismanagement continued, with the owed funds merely being noted as a payable to Plaintiffs on Defendants' company ledgers.

3.      The Solutions Entities now seek reimbursement of money wrongfully held by the Defendants.

## II.      PARTIES

4.      David Baker is an individual domiciled in the state of North Carolina. He is acting under his authority as receiver of Solutions, having been appointed by this Court Case No. 7:16-cv-00108-DAE.

5.      Plaintiff Pyote Water Solutions, LLC is a Delaware limited liability corporation with its principal place of business in Midland, TX.

6.      Plaintiff Pyote SWD LLC is a Delaware limited liability corporation with its principal place of business in Midland, TX.

7.      Plaintiff Pyote SWD II LLC is a Delaware limited liability corporation with its principal place of business in Midland, TX.

8.      Defendant Pyote I is a Delaware limited liability corporation with its principal place of business in Midland, TX. It may be served via its registered agent, H.H. Wommack at 400 W. Illinois, Suite 950, Midland, TX 79701.

9.      Defendant Pyote II is a Delaware limited liability corporation with its principal place of business in Midland, TX. It may be served via its registered agent, Pyote Well Service, LLC at 400 W. Illinois, Suite 950, Midland, TX 79701.

US_125002007

10.     Defendant Pyote IV is a Delaware limited liability corporation with its principal place of business in Midland, TX. It may be served via its registered agent, National Registered Agents, Inc. at 1999 Bryan St., Ste 900, Dallas, TX 75201-3136.

11.     Defendant Saber is a Delaware limited liability company with its principal place of address in Midland, TX. It may be served via its registered agent, Herman H. Wommack III at 400 W. Illinois Ave., Suite 950, Midland, TX 79701.

### III.   JURISDICTION AND VENUE

12.     This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as this is the court in which the Receiver was appointed, and this Complaint is brought in furtherance of the Receiver's duties under that Receivership.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (1) Defendants reside in the state of Texas and (2) a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

### IV.   FACTUAL ALLEGATIONS

14.     In late 2012, Mr. Tripp Wommack ("Wommack") formed several entities purportedly to acquire and operate several water disposal wells in west and south Texas and in eastern New Mexico purchased primarily from two sources. Among these entities are Solutions and the Pyote Entities. Solutions formed several subsidiary LLC's to actually hold its disposal well assets, including Pyote SWD LLC, Pyote SWD II LLC, Pyote Brine LLC, and CLSV Disposal  II LLC.

15.     Wommack is at the head of all of the entities involved here. Based on filings with the Texas Secretary of State, Wommack is the President of Saber and the managing member Pyote II. He is also the managing member of Pyote Well Service, which, in turn, is the managing

3

member of Solutions, Pyote I, and Pyote IV. And up until recently, Well Service was also the contract operator all of these assets.



16.     As part of its operational duties, Well Service collected all revenues for these entities. Upon information and belief, Wommack and Well Service directed that incoming funds be comingled among the various companies, to the detriment of the Solutions Entities. That is, money that should have been kept in the Solutions Entities' accounts was comingled with accounts belonging to the Defendants. And instead of ensuring the funds went into the right accounts, Plaintiffs' management would record the funds as a payable of the entity owning the account into which the funds were deposited.

17.     On May 26, 2016, upon the motion of the Solutions Entities' secured creditor, Bank of America, this Court appointed Mr. Baker as receiver of the Solutions Entities. Bank of America sought a receiver due to outstanding debt owed by the Solutions Entities and the apparent mismanagement of the companies by their managing member.

18.     In carrying out his duties as receiver, Mr. Baker reviewed the Solutions Entities' financial records, including payables and receivables ledgers. In that process, he discovered that funds received by the Solutions Entities had been comingled with Defendants' funds. The funds

4

were then apparently mis-allocated and paid to Defendants. Fortunately, the accounting system used by Well Service in its capacity as the contract operator for the Solutions Entities as well as the Defendants shows these affiliated company transactions.

19.     Specifically, Pyote I owes to the Solutions Entities $399,544.99, Pyote II owes $259,739.00, Pyote IV owes $346,744.00, and Saber owes $13,245.00.

20.     Upon information and belief, these receivables are the direct result of the mismanagement and comingling of the various company assets while the Solutions Entities were under the control of Pyote Well Service and Tripp Wommack.

<u>COUNT I</u>
(MONEY HAD & RECEIVED)

21.     Plaintiffs incorporate the preceding paragraphs as if fully set forth here.

22.     Each of the Defendants currently holds money in their accounts that in equity and good conscience belongs to the Solutions Entities.

23.     On November 28, 2016, the Solutions Entities demanded payment of these funds, but Defendants have refused. *See* Exhibit A.

24.     The Solutions Entities have, therefore, been damaged by each Defendant in an amount equal to:

      a.      $399,544.99 as to Pyote I;

      b.      $259,739.00 as to Pyote II;

      c.      $346,744.00 as to Pyote IV; and

      d.      $13,245.00 as to Saber.

**PRAYER**

Baker, on behalf of Solutions, SWD I, and SWD II, respectfully requests that this Court enter judgment for:

US_125002007

(1)      actual damages in the amount of $399,544.99 against Pyote I;

(2)      actual damages in the amount of $259,739.00 against Pyote II;

(3)      actual damages in the amount of $346,744.00 against Pyote IV;

(4)      actual damages in the amount of $13,245.00 against Saber;

(5)      pre- and post-judgment interest;

(6)      costs of court;

(7)      all other relief to which they may be justly entitled.

Dated: March 7, 2017

Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP

By:   ___/s/ *Brian F. Antweil*_____
     Brian F. Antweil
     Texas Bar No. 01275750
     John Sieger
     *Admission Pro Hac Vice Pending*
     Emily L. Rochy
     Texas Bar No. 24079229
     1301 McKinney Street, Suite 3000
     Houston, Texas 77010-3033
     brian.antweil@kattenlaw.com
     john.sieger@kattenlaw.com
     emily.rochy@kattenlaw.com
     Phone: (713) 270-3423
     Fax: (713) 583-9065

*Counsel for David M. Baker, Court-Appointed Receiver*

6